No. 22271.

CATARINO RAMIREZ AVILA *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(431 P.2d 782)

Decided September 18, 1967.

DONALD P. MACDONALD, JIM R. CARRIGAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THE above named plaintiff in error, hereinafter re-

ferred to as the defendant, is here on writ of error seeking reversal of a judgment entered on the verdict of a jury which found him guilty of the crime of forgery.

The thrust of the argument made by counsel for defendant is that, even though the evidence established the fact that the defendant Catarino R. Avila endorsed a check made payable to one Gabino M. Mendoza by signing the name of the payee and thereby receiving cash and merchandise for the check; and even though the defendant represented himself to be Gabino M. Mendoza and gave an address which was non existent as his place of residence, he should be discharged for the reason that the district attorney failed to prove that Gabino M. Mendoza, the payee, had not authorized the defendant to endorse the check and receive the proceeds thereof. The contention is that there was no evidence that the check was a "false instrument."

■■ In order to prove the corpus delicti in a forgery case, it is not necessary to show by testimony of the maker or payee of a check that no authority was given the accused to sign his name. Such lack of authorization may be proved circumstantially. From 37 C.J.S. *Forgery* § 96, we quote:

"That accused made or participated in the making of the forgery may be proved by either direct or circumstantial evidence. The person whose signature is forged is not an indispensable witness; * * * *Where accused has represented himself as being the person whose signature is forged, his conviction of forgery is warranted*; and this is so where he has made other misstatements, and his actions in connection with the forged instrument are suspicious or he has endeavored afterward to destroy it. * * *" (Emphasis added.)

Pertinent to the point under discussion are the following cases recently decided by this court. *Rhodus v. People*, 160 Colo. 407, 418 P.2d 42; *Barker v. People*, 158 Colo. 381, 407 P.2d 34.

The judgment is affirmed.