No. 46,200

STATE OF KANSAS, *Appellee*, v. MILAS WHITE, *Appellant*.

(486 P. 2d 1381)

Opinion filed July 16, 1971.

*Richard E. Blackwell*, of Salina, Kansas, argued the cause, and was on the brief for the appellant.

*Bill Crews*, county attorney, and *Vern Miller*, attorney general, were on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The defendant, Milas White, was convicted by a jury of attempting to pass and utter a forged instrument (K. S. A. 21-621). Following conviction, denial of a motion for new trial, and imposition of sentence under the habitual criminal act, defendant perfected his appeal.

White was originally charged and tried on two counts: forgery of a check, and attempting to pass and utter the same instrument.

On September 25, 1968, a jury returned a verdict of acquittal on the forgery count, but was unable to reach a verdict on the second count. A retrial on October 10, 1968, resulted in White's conviction for the offense involved in this appeal.

The evidence disclosed that on July 3, 1968, defendant entered a Safeway store in Salina and asked Darrell Breault, the assistant manager, to cash a $35 check. The check had already been prepared prior to defendant's entering the store. The name of the purported drawer of the check was Frederick L. Wagoner. Breault requested some identification as well as a checking account number. Defendant produced an identification card with the name of Frederick Wagoner and entered an account number on the face of the check. At this point, Breault made a telephone call and defendant, suspecting that the police were being summoned, departed the store with Breault still in possession of the check. Breault was able to furnish police with the license number and description of defendant's automobile, which led to defendant's apprehension.

After being advised of his constitutional rights by the police, defendant admitted having written the check and attempting to pass it at the Safeway store. Defendant also admitted he did not know anyone by the name of Frederick Wagoner. In a search of defendant's automobile, conducted with his consent, police discovered an Indiana driver's license issued to one Frederick L. Wagoner.

The principal point of error asserted by defendant is that the state failed to prove an essential element of the crime of which he was convicted; namely, that the check he attempted to pass was a forged instrument.

Under the provisions of K. S. A. 21-621, every person who, with intent to defraud, shall attempt to pass or utter any forged instrument, the forging of which is declared to be an offense under the statutes, knowing such instrument to be forged, shall upon conviction be adjudged guilty of forgery. Essential elements of the crime are that the instrument was forged (whether forged by the accused or some other person) and that the accused knew it was a forgery at the time he attempted to utter and pass the instrument. Such knowledge, we have said, may be proved by circumstantial evidence. (See, *State v. Young,* 203 Kan. 296, 454 P. 2d 724; *State v. Satterfield,* 202 Kan. 395, 449 P. 2d 566; *State v. Murphy,* 145 Kan. 242, 65 P. 2d 342.)

Forgery has been generally defined as the fraudulent making or altering of a writing to the prejudice of another person's rights. The offense consists of three requisites: (1) a false writing or alteration of an instrument, (2) the instrument as made must be apparently capable of defrauding, and (3) there must be an intent to defraud. (K. S. A. 21-608; *State v. Fick,* 204 Kan. 422, 464 P. 2d 271.) The only element of the offense brought into question here is the sufficiency of the evidence to establish that the check was a false writing purporting to be that of another.

Part of the state's burden in this case was to prove that the signature of the purported drawer, Frederick L. Wagoner, was false or unauthorized. (*State v. Swan,* 60 Kan. 461, 56 Pac. 750.) There was no evidence presented by the state with respect to the existence of a Frederick L. Wagoner, or whether a person by that name had an account in the bank on which the check was drawn. The evidence is undisputed, however, that defendant admitted making the check and signing the name of Wagoner. He further acknowledged that he did not know anyone by that name. Whether the name was fictitious or that of an actual person is not important. The circumstances under which defendant presented the check and identification papers to the grocery store manager strongly suggest he pretended to be Frederick L. Wagoner. In *State v. Fick,* supra, this court, through Mr. Justice Kaul, observed that forgery may be committed by the signing of a fictitious or assumed name, provided the instrument is made with intent to defraud. The essence of our holding in that case was that a person affixing a signature to a check with the intention that such signature be regarded as that of another person, while purporting to be such other person, coupled with an intent to defraud, commits a forgery.

The record further discloses that the police found an Indiana driver's license issued to Frederick L. Wagoner in defendant's automobile. Assuming there was such a person, we believe there was ample evidence to show that Wagoner's name had been written on the check without his authority. (*State v. Decker,* 207 Kan. 374, 485 P. 2d 171; *State v. Lovell,* 132 Kan. 759, 297 Pac. 685.) After all, if defendant did not know such a person, it can scarcely be said that use of the name was authorized. To establish the *corpus delicti* in a forgery prosecution it is not always necessary to show by the testimony of the drawer of the instrument that authority was not given; lack of authorization may be proved by circumstantial evi-

dence. (*People v. Battle,* 188 C. A. 2d 627, 10 Cal. Rptr. 525; *Avila v. People,* 163 Col. 525, 431 P. 2d 782; 37 C. J. S., Forgery § 102.) In *State v. Murphy,* supra, it is stated:

"In the verdict of guilty for uttering inheres the belief of the jury that the check was a forgery, and that appellant knew it to be a forgery. The conviction is based on direct and circumstantial evidence. There was direct evidence appellee executed this particular check. The question of his lack of authority to sign the name of Geo. H. Herman, if such person in fact existed, was determined upon circumstantial evidence." (P. 246.)

We are forced to conclude that there was sufficient evidence for the jury to infer that the check defendant attempted to pass was a forgery.

For the most part, what has already been said disposes of defendant's complaint that since he had been acquitted of the forgery charge, the trial court should not have admitted evidence he had written the check in question. As indicated earlier, the state in the present trial was required to prove the check was forged, and it was entitled to use whatever evidence it had tending to establish that element of the uttering offense. The mere fact that the jury at his first trial did not find defendant guilty of forgery did not preclude use of some of the same evidence at his second trial. The crimes of forgery and attempting to utter a forged instrument are separate and distinct offenses; conviction of one is not dependent upon conviction of the other. (See, *State v. Murphy,* supra; 22 C. J. S., Criminal Law § 289.)

The contention is also advanced that the trial court erred in permitting the state to reopen its case after it had rested for the limited purpose of asking a detective if the defendant had admitted writing the check. This was a matter resting within the sound discretion of the trial court (*State v. Wooden,* 110 Kan. 315, 203 Pac. 722; 2 Hatcher's Kansas Digest, Criminal Law § 128), and we find no basis for disturbing the lower court's ruling.

Finally, error is claimed in the trial court's refusal to give an instruction that before the jury could find defendant guilty it must first find the check was a forgery. While the requested instruction might well have been given (See, *State v. Swan,* supra), its contents were substantially encompassed in the other instructions to the jury. The instructions taken as a whole clearly covered all the elements of the offense charged. (*State v. Brown,* 145 Kan. 247, 65 P. 2d 333; *State v. Murphy,* supra.)

The judgment is affirmed.