SMITH, Justice:
Clemmie Joe Buchanan was convicted of forgery in the Circuit Court of Grenada County and sentenced to serve a term of two years in the penitentiary, with one year suspended. The present appeal is from that conviction.
The record reflects that Buchanan purchased $9 worth of gasoline and obtained $2 in services for tire repair from Kimball Boyd, at a Sun Oil Company Service Sta *814 tion, which Boyd operated. To pay for these purchases Buchanan presented a Master Charge credit card which had been issued to one Richard T. Ferguson. Whereupon, Boyd completed the usual credit card charge slip, to which Buchanan signed Richard T. Ferguson’s name in the presence of Boyd.
Some weeks later, Buchanan again visited Boyd’s Service Station. He represented himself to be Richard T. Ferguson and told Boyd, the proprietor, that he, Mr. Boyd, “would be summonsed to court on a case of a stolen credit card and he didn’t —he said that he didn’t want to go to the penitentiary.”
It is argued on behalf of Buchanan that, in order to convict, it was necessary that it be shown that Buchanan did not have authority from Ferguson to use the card and to sign Ferguson’s name for the purchases. This ignores the undisputed fact that Buchanan, at the time of the transaction, as well as upon his second visit, falsely represented himself to be Ferguson. On his second visit to the station he had actually “introduced” himself as Ferguson. There is no contradiction of this testimony in the record.
In rejecting a somewhat similar contention, the Supreme Court of Colorado has made this logical observation:
That accused made or participated in the making of the forgery may be proved by either direct or circumstantial evidence. The person whose signature is forged is not an indispensable witness; . Where accused has represented himself as being the person whose signature is forged, his conviction of forgery is warranted; and this is so where he has made other misstatements, and his actions in connection with the forged instrument are suspicious or he has endeavored afterward to destroy it. (Emphasis added) [Avela v. People, 163 Colo. 525, 431 P.2d 782, at 782-783 (1967)].
It is next argued that, since Master Charge Division of Inter-Bank 1088, Omaha, Nebraska, paid or indemnified Boyd and Sun Oil Company for the goods and services covered by the charge slip to which Buchanan had signed Ferguson’s name, the conviction must be set aside as Master Charge was not named in the indictment as one of the victims of the fraud. An argument of equal validity might as appropriately be made by an embezzler, whose victim is indemnified by the surety on his fidelity bond, in contending that the party defrauded is the surety company which made good the loss, rather than he whose money had been appropriated unlawfully.
Complaint is also made that the trial court erroneously admitted certain hearsay testimony. The action of the trial court in overruling an objection to certain hearsay testimony on the part of a witness to the effect that the credit card had been stolen, although error, was not, under the undisputed circumstances in evidence, material to the conviction nor so prejudicial as to require reversal.
We have examined and considered other matters assigned and argued as error and find no merit in the contentions of appellant with respect to them.
Affirmed.
RODGERS, P. J., and ROBERTSON, SUGG and BROOM, JJ., concur.