(823 P.2d 804)

No. 65,587 ∎

STATE OF KANSAS, *Appellee,* v. JOSEPH PERRY, *Appellant.*

Opinion filed July 19, 1991.

*Wendy L. Rhyne-Slayton,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Wendell J. Barker,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before PIERRON, P.J., REES and BRAZIL, JJ.

BRAZIL, J.: Joseph Perry appeals his convictions of one count of felony theft, K.S.A. 21-3701; two counts of forgery, K.S.A. 21-3710; and one count of cocaine possession, K.S.A. 1989 Supp. 65-4127a(a). He claims error on the following grounds: (1) that the charges of forgery and theft by deception are multiplicitous, (2) that there was insufficient evidence to support a conviction of cocaine possession, (3) that the court failed to properly instruct the jury regarding possession, and (4) that there was insufficient evidence to support his forgery conviction. We affirm in part and reverse in part.

1. Multiplicitous charges.

Briefly stated, the evidence supporting Perry's convictions for theft by deception and delivery of a forged instrument is as follows: Perry went to the Peoples National Bank in Ottawa,

introduced himself as Warren Crawford to executive vice-president Dale Dietrich, Jr., talked with Dietrich about buying a truck for Perry's trucking business, and then transacted business at teller Michelle Parkin's window before leaving.

Parkin testified that Perry came to her window after leaving Dietrich's desk, presented a Cummins Cash and Information Services (CCIS) check for $975, and asked her to cash it. Parkin testified Perry told her that Dietrich had verified the check.

CCIS is a third-party billing system for the trucking industry. Truck drivers who stop at truck stops that are part of the CCIS network may present a CCIS check as payment for purchases. CCIS checks may also be cashed at banks. CCIS keeps detailed records of the checks, and the trucking companies reimburse CCIS.

As a general rule, officers at Peoples initial the upper left-hand corner of any check that they approve. The check Parkin accepted was initialed in the upper corner, and the box for verification code was filled in on the check. Parkin cashed the check and gave Perry the check amount less a $6 check cashing charge. After Perry left Peoples, Parkin looked at the check and realized the initials were not Dietrich's. She asked Dietrich if he had approved the check, which he had not.

Parkin called the CCIS phone number that was on the check but was told the verification number on the check was not the authorized number. The check designated it was drawn on the Midwestern Freight Line trucking company's account. Midwestern Freight Line, however, had no account with CCIS.

Perry was convicted of theft by deception and delivery of a forged instrument. Perry claims the charges of theft by deception and delivery of a forged instrument are multiplicitous. The State responds the charges are not multiplicitous as the forgery charge requires proof of different elements than the theft charge.

"This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

The double jeopardy provisions of the Fifth Amendment to the United States Constitution have been made applicable to the states through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969).

The fact an accused is charged with multiplicitous crimes, however, is not in itself a violation of the double jeopardy clause. "The clause merely prevents a defendant from being punished more than once for the same crime." *State v. Freeman*, 236 Kan. 274, 282, 689 P.2d 885 (1984).

Two or more separate convictions cannot be carved out of one criminal action. Those charges which make up an integral part of another crime of which the defendant is convicted must be dismissed as multiplicitous. *Jarrell v. State*, 212 Kan. 171, 173, 510 P.2d 127 (1973). The charging of a single offense as two or more separate crimes is improper because a single wrongful act should not be punished more than one time. *State v. Brewer*, 11 Kan. App. 2d 655, 662, 732 P.2d 780, *rev. denied* 241 Kan. 839 (1987).

The rule against multiplicity is codified in K.S.A. 21-3107, which provides in part:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

(a) A lesser degree of the same crime;

(b) an attempt to commit the crime charged;

(c) an attempt to commit a lesser degree of the crime charged; or

(d) a crime necessarily proved if the crime charged were proved."

Kansas has adopted a two-prong test to determine whether an included crime is a lesser crime or offense under subsection (d). As stated in *State v. Fike*, 243 Kan. 365, 368, 757 P.2d 724 (1988):

"The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. This approach is ordinarily fairly straightforward, and requires a jury instruction on a particular lesser offense whenever all of its statutory elements will automatically be proved if the State establishes the elements of the crime as charged. For example, where the crime charged is aggravated burglary, the crime of burglary is clearly a lesser included offense, because every one of the statutory elements of burglary must of necessity be proved in establishing the elements of aggravated burglary.

"The result of the first step of the analysis, however, is not necessarily conclusive. Even if the statutory elements of the lesser offense are not all included in the statutory elements of the crime charged, a particular crime may nevertheless meet the statutory definition in 21-3107(2)(d) of an included crime under the second step of the analysis. This approach requires the trial court to carefully examine the allegations of the indictment, complaint, or information *as well as* the evidence which must be adduced at trial. If the factual allegations in the charging document allege a lesser crime which does not meet the statutory elements test *and* the evidence which must be adduced at trial for the purpose of proving the crime as charged would also necessarily prove the lesser crime, the latter is an 'included crime' under the definition in 21-3107(2)(d)."

Under K.S.A. 21-3107, "a person cannot be convicted of two or more separate crimes if one is either a lesser included, *or a crime necessarily proved by proof of another crime.*" *State v. Brewer*, 11 Kan. App. 2d at 663-64. K.S.A. 21-3107 defines the right of the State to charge more than one offense based on the same act and to convict of an included offense not specifically charged. "It formulates the limitations upon unfair multiplicity of convictions and prosecutions." *State v. Freeman*, 236 Kan. at 281.

To establish theft by deception, the State must prove: (1) that Peoples was the owner of the property; (2) that Perry obtained control over the property by means of a false statement or representation which deceived Peoples, which had relied in whole or in part upon the false representation or statement of the defendant; (3) that Perry intended to deprive Peoples permanently of the use or benefit of the property; (4) that the value of the property was at least $500 but less than $50,000; and (5) that this act occurred on or about the 19th day of March 1990, in Franklin County, Kansas. See PIK Crim. 2d 59.01; K.S.A. 21-3701.

To establish the count III charge of forgery by delivery under K.S.A. 21-3710(b), the State must prove: (1) that Perry issued or delivered a written instrument which he knew had been made, altered, or endorsed so that it appeared to have been made by Warren Crawford, who did not give such authority; (2) that Perry did this act with the intent to defraud; and (3) that this act occurred on or about the 19th day of March 1990, in Franklin County, Kansas. See PIK Crim. 2d 59.11; K.S.A. 1990 Supp. 21-3110(9).

Although not raised by Perry on appeal, we note that count III of the complaint charging forgery by delivery erroneously cites to subsection (c) of 21-3710 instead of (b). Perry was aware of the State's charge, and, absent a showing of prejudice to Perry, an error in the citation is not reversible error. See K.S.A. 22-3201(2).

Intent to defraud is defined as "an intention to deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation or power with reference to property." K.S.A. 1990 Supp. 21-3110(9).

Perry argues that in establishing theft by deception, the State relied on evidence that Perry issued or delivered the forged CCIS check to Peoples. That, he claims, is the same evidence or fact scenario relied upon by the State to prove the forgery by delivery conviction.

Perry relies on *State v. Coberly*, 233 Kan. 100, 661 P.2d 383 (1983), as an example of the rationale he feels is applicable to the present case. In *Coberly*, the defendant appealed his convictions of aggravated kidnapping, indecent liberties with a child, and rape, arguing that the charges of indecent liberties and rape were multiplicitous and constituted double jeopardy. The Supreme Court reversed the defendant's conviction in part, finding that the crime of indecent liberties was "necessarily proved" if the crime charged were proved. K.S.A. 21-3107(2)(d). The court found that, when a man forcibly rapes a girl under 16 years, he has by that act committed both rape and indecent liberties with a child. 233 Kan. at 108.

Perry argues that under the facts of *Coberly*, the offense of forgery by delivery was "necessarily proved" under K.S.A. 21-3107(2)(d) by proving theft by deception.

The State argues the forgery charge requires proof that Perry issued or delivered a written instrument which he knew had been forged. Delivery of a written instrument is not an element of theft. The State also claims the theft charge requires proof Perry obtained control over property and that he intended to permanently deprive Peoples of the property while the forgery charge does not.

The State is correct that comparing the statutory elements of theft by deception with the statutory elements of forgery by delivery would indicate that forgery by delivery is not an included offense of theft by deception. However, the State fails to apply the second prong of the test as stated in *Fike*.

In order to prove theft by deception here, the evidence adduced at trial necessarily proved delivery of a forged instrument. Although hypothetically the State may have been able to prove theft by deception without proving delivery of a forged check, this would ignore *Fike*. There will be individual cases where delivery of a forged check is an included offense of theft by deception and there will be cases where it is not, depending on the charging document and evidence produced at trial. In the present case, the information charged Perry, "willfully and feloniously obtain[ed] by deception [or] control over property . . . with the intention to permanently deprive the owner . . . of the possession, use or benefit of said property."

In proving Perry obtained control over property by deception, the State adduced evidence that Perry delivered a forged check to Peoples. The delivery was necessary for Perry to receive the money. Thus, a review of the charging instrument and evidence at trial shows the State necessarily proved delivery of a forged check when proving theft by deception. Perry's conviction for delivery of a forged instrument as charged in count III must be reversed as multiplicitous.

2. Possession of cocaine.

After discovering the problems with the CCIS check, Peoples notified law enforcement. About 15 minutes later, Trooper Andy Thomasson heard on the radio that Ottawa police were looking for a maroon 1979 Chevrolet with a Texas license plate. Thomasson saw a car matching that description. He called the dispatcher and received the license plate number of the car sought and found the license numbers matched. Thomasson stopped the car and told the occupants, Perry and Geraldine Brown, that there was a problem with a check cashed at an Ottawa bank. Perry had no identification but said he was Warren Crawford.

After a few minutes, Doug Waterman of the Franklin County drug enforcement unit, Captain Davis of the Franklin County

sheriff's office, and Merle Taylor, Jr., a detective from the Ottawa department of public safety arrived at the scene. Perry told Taylor he had received the check from an employer. Perry said he did not know the check was not good and wanted to give Peoples its money back. Perry gave Taylor the money, consisting of nine, one hundred dollar bills, three twenties, a five, and four ones. Parkin testified she gave Perry those denominations.

Taylor placed Perry under arrest for felony theft. Brown was later arrested for possession of drug paraphernalia. The officers conducted a preliminary search of the vehicle. Taylor testified that Perry and Brown, the owner of the car, gave him verbal consent to search the car. Brown later signed a written consent to the search.

After the preliminary search, police towed the car to the station and conducted a more thorough search. Police found a small Tylenol bottle containing traces of cocaine in a duffel bag behind the driver's seat. The bag also contained a razor, shaving cream, and deodorant. The back seat was packed full of men's and women's possessions.

Perry contends this evidence is insufficient evidence to establish he knowingly possessed cocaine. The State responds that when viewing the evidence in a light most favorable to the prosecution, a rational factfinder could have found Perry guilty beyond a reasonable doubt.

"When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Graham*, 247 Kan. 388, 398, 799 P.2d 1003 (1990).

To prove possession of cocaine under K.S.A. 1989 Supp. 65-4127a(a), the State must prove that Perry intentionally possessed a narcotic drug known as cocaine. When a defendant is in non-exclusive possession of the premises on which illegal drugs are found, there must be other incriminating circumstances linking the defendant to the drugs. "Whether such circumstances are sufficient to give rise to an inference of possession is a question for the jury." *State v. Anthony*, 242 Kan. 493, 502, 749 P.2d 37 (1988).

When viewed in the light most favorable to the State, a rational factfinder could have found Perry guilty beyond a reasonable doubt. At trial, there was evidence that Perry was driving the car in which the cocaine was found. The drugs were found in a duffel bag within the passenger compartment of the car. That bag contained men's toiletries and no women's possessions. The bag was found behind the driver's seat. Furthermore, the only other occupant was Brown. These facts are sufficient to give rise to the inference of possession.

3. Jury instructions.

Perry claims the court erred in failing to instruct the jury that his nonexclusive occupancy of the car could not, by itself, establish possession of cocaine. The State responds the instruction given requiring that the jury find Perry "intentionally" possessed is not clearly erroneous.

The court's instruction followed PIK Crim. 67.13. It instructed that:

"The defendant is charged in Count IV with the crime of violation of the Uniform Controlled Substance Act of the State of Kansas as it pertains to a narcotic drug known as cocaine. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant possessed or had under his control a narcotic drug known as cocaine;

"2. That the defendant did so intentionally; and

"3. That the defendant did so on or about the 19th day of March 1990, in Franklin County, Kansas."

Perry did not object to the instruction at trial. Accordingly, the standard of review is well settled.

"A party may not assign as error the giving or failure to give an instruction unless he objects to the instruction stating the specific grounds for the objection. Absent such objection, an appellate court may reverse only if the trial court's failure to give the instruction was clearly erroneous. [Citations omitted.] The failure to give an instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict." State v. DeMoss, 244 Kan. 387, 391-92, 770 P.2d 441 (1989).

"In the trial of a criminal action, the defendant is entitled to have an instruction setting out his theory of defense where there is any evidence whatever to support it." State v. DeMoss, 244 Kan. at 391. It appears that a theory of Perry's case was that the

cocaine belonged to Brown. Although the instructions given followed PIK Crim. 2d, "[e]ach case has its own uniqueness and patterns frequently need to be modified to cover that special need." Preface to PIK Crim. 2d. It would have been better in the present case to instruct the jury regarding the requirements of proving possession. This court, however, cannot say that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict.

4. Sufficiency of the evidence.

Perry claims there was insufficient evidence to support he made, altered, or endorsed the CCIS check to support his forgery conviction as charged in count II.

"There is a well-recognized presumption to the effect that one who utters or seeks to utter a forged instrument, without any reasonable explanation of how he acquired it, may be presumed to be the person who forged it, or an accessory to the forgery." *State v. Hicks*, 11 Kan. App. 2d 76, 81, 714 P.2d 105 (1986).

The evidence shows Perry uttered the forged instrument in question and that he falsely identified himself as the payee. It also showed he falsely informed the teller the check had been approved by Dietrich. The jury apparently chose not to believe his statement to the officers that he had gotten the check from an unnamed individual for whom he had done work. Thus, after reviewing the evidence in the light most favorable to the State, it appears a rational factfinder could have found Perry guilty beyond a reasonable doubt.

Perry's conviction of forgery by delivery under count III is reversed.

Affirmed in part and reversed in part.