(871 P.2d 267)
No. 69,509

STATE OF KANSAS, *Appellee*, v. MICHAEL W. UTTERBACK,
*Appellant*.

Aff'd in part and rev'd in part, 256 Kan. 340, 886 P.2d 808 (1994).

Opinion filed March 25, 1994.

*M. Kristine Paredes*, assistant appellate defender, and *Jessica R. Kuhen*, chief appellate defender, for appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ELLIOTT, P.J., LEWIS, J., and DAVID J. KING, District Judge, assigned.

ELLIOTT, J.: Michael Utterback appeals his convictions of two counts of forgery (K.S.A. 1993 Supp. 21-3710).

We affirm in part and reverse in part.

Utterback entered into a construction contract with Kim and John Manuel for a value of some $24,000. The Manuels had paid some $16,000 to defendant by the time things got interesting.

The allegations were that defendant altered the construction contract in order to obtain credit from a supplier, Ron Hill of Associated Wholesalers.

Defendant was convicted on one count of forgery for making the forged contract and one count of forgery for delivering the forged contract.

Among other contentions, defendant argues he was convicted of multiplicitous charges. We must agree.

Our standard of review on questions of multiplicity is plenary. See *State v. Perry*, 16 Kan. App. 2d 150, 151, 823 P.2d 804 (1991).

The statutory rule against multiplicity provides:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be

prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

(a) A lesser degree of the same crime;

(b) an attempt to commit the crime charged;

(c) an attempt to commit a lesser degree of the crime charged; or

(d) a crime necessarily proved if the crime charged were proved." K.S.A. 21-3107.

Generally, charges are not multiplicitous when one charge requires proof of an element not required to prove the other charge. *State v. Hicks*, 11 Kan. App. 2d 76, 80, 714 P.2d 105 (1986). But *Hicks* was decided prior to *State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988), and *State v. Perry*, 16 Kan. App. 150.

In *Hicks*, we held that convicting a person of one count of making a forgery and one count of issuing a known forgery was not multiplicitous.

*Fike* applied a two-prong test to determine a lesser included offense. Under the second prong, we must ask whether proof of the crime charged will necessarily prove another crime. See *State v. Dixon*, 248 Kan. 776, 784, 811 P.2d 1153 (1991).

In *Perry*, we applied the *Fike* test to determine a multiplicity issue. 16 Kan. App. 2d at 155. There, the allegations of the charging instrument demonstrated the State had to prove the charge of delivering a forged instrument in order to prove its charge of theft by deception. The charges were multiplicitous. 16 Kan. App. 2d at 154-55.

In the instant case, the State proved the charge of making a forgery under K.S.A. 1993 Supp. 21-3710(a)(1) in order to prove the charge of delivering a forgery under 21-3710(a)(2). The second charge required the State to prove defendant *knew* he was delivering a forged/altered instrument when he provided Hill with the "fake" contract. The State proved the knowledge element by showing defendant was the person who had forged the contract.

*Perry* and *Fike* require us to conclude defendant was charged with multiplicitous forgery counts.

We conclude the other issues raised by defendant do not rise to the level of reversible error.

One count of forgery is affirmed; one count of forgery is reversed.