No. 69,509

STATE OF KANSAS, *Appellee,* v. MICHAEL W. UTTERBACK, *Appellant.*

(886 P.2d 808)

Opinion filed December 9, 1994.

*Debra J. Wilson,* assistant appellate defender, argued the cause, and *M. Kristine Paredes,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the brief for appellant.

*Charles R. Reimer,* assistant district attorney, argued the cause, and *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Michael W. Utterback appeals his jury trial convictions of two counts of forgery (K.S.A. 1993 Supp. 21-3710). The Court of Appeals held the counts were multiplicitous, affirmed one of the convictions, and reversed the other. 19 Kan. App. 2d 437, 871 P.2d 267 (1994). The matter is before us on the State's petition for review. The sole issue before us is the propriety of the multiplicity determination.

The underlying facts are rather complex. It is sufficient for our purposes to state the following. Kim and John Manuel entered

into a written contract with defendant whereby defendant was to build a room addition and make other structural improvements on the Manuel residence for the agreed-upon price of $24,000. The work proceeded, but defendant did not pay his material supplier, Ron Hill of Associated Wholesalers. In order to obtain further credit from the supplier, defendant presented an altered contract to Hill on which was affixed what purported to be Kim Manuel's signature. Hill continued to supply materials for the job and was not paid. Defendant was ultimately charged with and convicted of two counts of forgery—one count charging he made the forged document (K.S.A. 1993 Supp. 21-3710[a][1]) and one count charging he delivered the forged document (K.S.A. 1993 Supp. 21-3710[a][2]).

K.S.A. 1993 Supp. 21-3710 provides, in pertinent part:

"(a) Forgery is knowingly and with intent to defraud:

(1) Making, altering or endorsing any written instrument in such manner that it purports to have been made, altered or endorsed by another person, either real or fictitious, and if a real person without the authority of such person; or altering any written instrument in such manner that it purports to have been made at another time or with different provisions without the authority of the maker thereof; or making, altering or endorsing any written instrument in such manner that it purports to have been made, altered or endorsed with the authority of one who did not give such authority;

(2) issuing or delivering such written instrument knowing it to have been thus made, altered or endorsed."

A conviction under (a)(2) requires that the defendant deliver the instrument with knowledge that it was a "fake" document. The defendant argues, and the Court of Appeals agreed, that the two counts became multiplicitous when the State proved the knowledge requirement of (a)(2) by proving defendant himself had faked the document in violation of (a)(1). We do not agree.

Multiplicity is the charging of two or more counts in a complaint where only a single criminal offense is involved. *State v. Garnes,* 229 Kan. 368, 624 P.2d 448 (1981).

K.S.A. 21-3107 provides:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

(a) A lesser degree of the same crime;

(b) an attempt to commit the crime charged;

(c) an attempt to commit a lesser degree of the crime charged; or

(d) a crime necessarily proved if the crime charged were proved."

In *State v. Hicks*, 11 Kan. App. 2d 76, 714 P.2d 105 (1986), defendant contended that separate charges based upon having made and delivered the same check (21-3710[a][1] and [a][2]) were multiplicitous. The Court of Appeals rejected this argument, holding:

"Defendant first contends in this appeal that the charges in Count I of 'making' the check and Count II of 'issuing' the check are multiplicitous because they are based on one check and that he cannot be punished twice for one offense of forgery.

"Multiplicity is the charging of two or more counts where only a single criminal act is involved. *State v. Dorsey*, 224 Kan. 152, 578 P.2d 261 (1978); *State v. Garnes*, 229 Kan. 368, 372, 624 P.2d 448 (1981). K.S.A. 1984 Supp. 21-3107(1) statutorily allows charging a criminal defendant with multiple violations arising from a single transaction '[w]hen the same conduct . . . may establish the commission of more than one crime under the laws of this state . . . .'

"The test to determine whether the charges are in fact multiplicitous is whether one offense requires proof of an element not necessary to prove the other offense. If so, the charges stemming from a single act are not multiplicitous. See *State v. Freeman*, 236 Kan. 274, 281, 689 P.2d 885 (1984); *State v. Chears*, 231 Kan. 161, 643 P.2d 154 (1982); *State v. James*, 216 Kan. 235, 531 P.2d 70 (1975).

"In this case, defendant was correctly charged with violating subsection (1)(a) of K.S.A. 1984 Supp. 21-3710, which defines the crime of forgery as making, altering or endorsing any written instrument fictitiously or without authority. In Count II, defendant was charged with knowingly issuing or delivering a forged instrument in violation of subsection (1)(b) of the forgery statute.

"The two offenses do not require proof of the same elements. Forgery under (1)(a) requires proof the defendant *made, altered,* or *endorsed* the check with the intent to defraud. Forgery under (1)(b) requires proof the defendant *issued* or *delivered* the check knowing it had been thus made, altered or endorsed.

"This issue has been dealt with in prior decisions concerning the former forgery statutes. It has been repeatedly held that the crimes of forgery and uttering a forged instrument are separate and distinct offenses and conviction of one is not dependent upon conviction of the other. See *State v. White*, 207 Kan. 800, 803, 486 P.2d 1381 (1971); *State v. Murphy*, 145 Kan. 242, 65 P.2d 342 (1937).

"In this case, the two charges against the defendant were not multiplicitous. Each offense requires proof of an element not necessary to prove the other." 11 Kan. App. 2d at 79-80.

The Court of Appeals acknowledged the *Hicks* case but concluded its holding had been modified by *State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988), and *State v. Perry*, 16 Kan. App. 2d 150, 823 P.2d 804 (1991). We do not agree.

*Fike* sets forth the rules for determining what is a lesser included offense of the crime charged—a crime necessarily proven in proving the crime charged. *Perry* applied *Fike* in a forgery case, but to charges significantly different than those before us. In *Perry*, defendant passed a forged check. For the same conduct, he was charged with two offenses—delivering a forged instrument (21-3710[a][2]) and theft by deception (K.S.A. 21-3701[b]). The charged deception was the fact defendant knew the check was a forgery when he passed it. Thus, the same conduct was involved in both counts and proving the one crime necessarily proved the other. Perry was also convicted of having altered the check (21-3710[a][1]) but there was no contention that said count was multiplicitous with the other two convictions involving the check.

In the case before us, the same conduct is not involved in both counts. Count I charges the making of the forged instrument. Count II charges the delivery of the forged instrument with knowledge that it was forged. Count II did not require the State to prove defendant himself had forged the instrument. The State may have satisfied this element by proving defendant had created the document, but it was not required to do so.

The rationale of *State v. Hicks*, 11 Kan. App. 2d 76, is sound and controlling herein. The charges and convictions under K.S.A. 1993 Supp. 21-3710(a)(1) and (a)(2) are not multiplicitous. The judgment of the Court of Appeals reversing one of the two forgery convictions is reversed, and the two convictions of forgery are affirmed.

The judgment of the Court of Appeals affirming one of the two forgery convictions and reversing the other is affirmed in part and reversed in, part. The judgment of the district court is affirmed.