(945 P.2d 884)
No. 75,599

STATE OF KANSAS, *Appellee*, v. JOYCE MINCEY, *Appellant*.

Opinion filed October 3, 1997.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Eric K. Rucker*, Dickinson County Attorney, *Allen B. Angst*, Assistant Dickinson County Attorney, *Jim Pringle*, Cowley County Attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., GERNON, J., and CHARLES E. WORDEN, District Judge, assigned.

LEWIS, J.: Defendant was convicted of aiding and abetting attempted first-degree murder, conspiracy to commit first-degree murder, aiding and abetting aggravated robbery, and conspiracy to commit aggravated robbery. The trial court imposed presumptive sentences on each count and ordered the sentences to run consecutive to one another. Defendant is presently serving a controlling sentence of 206 months. She appeals her convictions on several grounds.

We affirm.

We do not intend to repeat in any detail the extreme violence of the crimes which led to defendant's convictions. Defendant is the mother of Lewis Mincey, who, along with Everett Hayes, inflicted multiple acts of violence on a victim whose only mistake was to invite them into her home to use the telephone. While in the home, Lewis and Everett robbed the victim, raped her, and cut her throat. The victim feigned death, and the perpetrators at one

point dropped an 8-pound barbell on her chest to see if she was alive or dead.

Lewis and Everett were both convicted and sentenced for their crimes. Those convictions were upheld by this court in unpublished opinions filed September 13, 1996, and August 23, 1996, respectively.

As we understand the record in this case, defendant was charged with and convicted of the crimes in question based on evidence, highly condensed, that showed the following:

(1) Defendant knew substantially in advance of the crimes that Lewis and Everett were going to rob someone.

(2) Defendant counseled and advised Lewis and Everett to kill their victim if they thought they might be caught.

(3) Defendant loaned Lewis and Everett her van so that they could transport themselves to the scene of the crime.

Defendant raises several issues on appeal.

## MULTIPLICITY

Defendant argues that her convictions for aiding and abetting are multiplicitous with her conspiracy convictions.

We disagree. The question of multiplicity is a question of law over which this court can exercise unlimited review. See *State v. Perry*, 16 Kan. App. 2d 150, 151, 823 P.2d 804 (1991). Multiplicity was defined by the Supreme Court in *State v. Edwards*, 250 Kan. 320, 329, 826 P.2d 1355 (1992), as

" 'the charging of a single offense in several counts of a complaint or information.' The concern with multiplicity is that it creates the potential for multiple punishments for the same offense, which is prohibited by the double jeopardy clause of the Fifth Amendment of the United States Constitution and section 10 of the Kansas Bill of Rights. [Citations omitted.]"

The law on the subject is a bit murky due to conflicting Supreme Court decisions. However, we follow the latest decision of *State v. Webber*, 260 Kan. 263, 918 P.2d 609 (1996), *cert. denied* 117 S. Ct. 764 (1997). That decision holds, at Syl. ¶ 9: "Multiplicity exists if the State uses a single wrongful act as the basis for multiple charges. *Charges are not multiplicitous if each charge requires*

*proof of a fact not required in proving the other.*" (Emphasis added.)

The *Webber* court went on to decide the very issue raised in this case at Syl. ¶ 10: "*Conspiracy and aiding and abetting another offense are not multiplicitous.* Each offense requires proof of [an] element not required by the other: Conspiracy requires an agreement to commit a crime, while aiding and abetting requires actual participation in the act constituting the offense." (Emphasis added.)

"In the trial of a criminal case, multiplicity does not depend upon whether the facts proved at trial are actually used to support conviction of both offenses charged; rather, it turns upon whether the necessary elements of proof of the one crime are included in the other." 260 Kan. 263, Syl. ¶ 11.

*State v. Webber* controls and requires that we affirm the trial court. It is obvious that proving the conspiracy charge required proof of an agreement to commit a crime and an overt act in furtherance of the agreement. The proof of the aiding and abetting charges required only proof of actual participation in the crime and an overt act towards the perpetration of the crime. In this case, the conspiracy offenses required proof of an element not required by the aiding and abetting offenses.

Under *Webber*, we hold that defendant's multiplicity argument is without merit.

Defendant also argues that her two conspiracy convictions are multiplicitous because we only have one conspiracy statute in Kansas. Defendant advances from this position to argue there was only one agreement, albeit one to commit several crimes, but because there was only one agreement, she cannot be convicted of two separate counts of conspiracy.

We do not agree.

Conspiracy is defined by K.S.A. 21-3302(a) as follows: "A conspiracy is an agreement with another person to commit a crime or to assist in committing a crime. No person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by such person or by a co-conspirator."

There is nothing in the Kansas definition of conspiracy to support the argument advanced by defendant. In addition, defendant acknowledges there are no Kansas cases which follow her theory.

There is no question that conspiracy to commit attempted first-degree murder and conspiracy to commit aggravated robbery are two separate crimes. We see nothing in our law that would criminalize the agreement to commit the first crime and forgive all subsequent crimes on which the parties conspire on the basis that they only entered into one agreement to commit several crimes.

Defendant's argument is without support of our law and is without merit. We hold that when a defendant participates in an agreement to commit multiple separate statutory crimes, the defendant may be convicted of a count of conspiracy for each separate statutory crime involved. It is irrelevant that there may have been only one broad general agreement to commit the several crimes involved.

## SUFFICIENCY OF THE EVIDENCE

Our standard of review on sufficiency of the evidence is well known:

> "When the sufficiency of the evidence is challenged, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citations omitted.]" *State v. Abel*, 261 Kan. 331, 337, 932 P.2d 952 (1997).

We have examined the record in this case and conclude that the evidence is such that a rational factfinder could have found defendant guilty beyond a reasonable doubt. It is particularly damning to defendant that she advised Lewis and Everett to kill their victim if they thought they were going to be caught. It is further particularly damning that defendant loaned them a vehicle for the specific purpose of transporting them to the scene of the crime.

Defendant argues the evidence at trial was not sufficient to show that she had the intent that the victim be murdered. We disagree. Defendant advised Lewis and Everett to kill any burglary victims if they thought they were going to get caught. We believe that advice to them clearly establishes that defendant intended that any

burglary victims be murdered if Lewis and Everett believed they would get caught.

We hold that the evidence was sufficient to support defendant's convictions for conspiracy to commit first-degree murder and aiding and abetting attempted first-degree murder.

## INSTRUCTIONS

The reading of the instructions to the jury was not transcribed. It appears that both counsel waived the transcription of the oral instructions. However, there was an error in one of the aiding and abetting instructions that had been read to the jury. The trial court indicated it would correct the written instruction and then reread it to the jury. Defense counsel objected, saying he did not want the trial court to reread the instruction to the jury because he feared that rereading the instruction would overemphasize it. Defense counsel advised the trial court he would prefer the instruction be retyped and submitted to the jury as corrected without additional comment.

Incredibly, defendant argues on appeal that the trial court committed reversible error by submitting to the jury a written instruction on aiding and abetting aggravated robbery which was different from the version read aloud to the jury.

In our judgment, this is akin to the doctrine of invited error. "A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal." *State v. Prouse*, 244 Kan. 292, 298-99, 767 P.2d 1308 (1989).

Defendant's claim of error in the giving of the instructions to the jury will be reviewed subject to a clearly erroneous standard because there was no contemporaneous objection at the time of trial. See *State v. Isley*, 262 Kan. 281, Syl. ¶ 4, 936 P.2d 275 (1997). We are unable to find that the instructions were clearly erroneous or even truly examine defendant's claimed error because the record on appeal is inadequate to support the claim of error. See *State v. Moncla*, 262 Kan. 58, 68, 936 P.2d 727 (1997).

The problem is present because defendant's counsel waived any transcription of the reading of the instructions. We also note that no statement pursuant to Supreme Court Rule 3.04 (1996 Kan. Ct.

R. Annot. 20) or no agreed statement pursuant to Supreme Court Rule 3.05 (1996 Kan. Ct. R. Annot. 21) has been added to the record.

For all the reasons set forth above, defendant's position on this issue is without merit, and we must assume the trial court acted properly in its handling of the instruction issue.

Affirmed.