(70 P.3d 717)

No. 89,010

STATE OF KANSAS, *Appellee,* v. ANTHONY C. GROVES, *Appellant.*

Opinion filed June 13, 2003.

*Debra J. Wilson,* capital appellate defender, for appellant.

*John H. Taylor,* assistant county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before RULON, C.J., KNUDSON, J., and LARSON, S.J.

KNUDSON, J.: Anthony C. Groves appeals convictions of aggravated robbery and aggravated battery. Groves contends: (1) The convictions are multiplicitous as the same act of violence provides the basis for each conviction; (2) the district court erred in failing to give the jury a multiple counts instruction as recommended in PIK Crim. 3d 68.07; and (3) the district court erred in denying Grove's pretrial motion to suppress evidence.

We hold that under the facts of this case, Groves' convictions for aggravated robbery and aggravated battery are multiplicitous. Consequently, we reverse the aggravated battery conviction and order that charge to be dismissed. We affirm Grove's conviction for aggravated robbery.

The underlying facts are not in material dispute. Terri Lott was the victim of an aggravated robbery when a man grabbed her purse and threw her to the ground. At trial, the issue was whether Groves committed the crime. The jury determined Groves to be the perpetrator and convicted him of aggravated robbery and aggravated battery.

Groves argues the convictions are multiplicitous because they arise out of the same act of violence. Notwithstanding Groves' failure to raise this issue before the district court, we conclude the issue may be considered on appeal. See *State v. Taylor*, 25 Kan. App. 2d 407, 409-10, 965 P.2d 834, *rev. denied* 266 Kan. 1115 (1998).

"Multiplicity is the charging of a single offense in several counts of a complaint or information. The reason multiplicity must be considered is that it creates the potential for multiple punishments for a single offense in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and section 10 of the Kansas Constitution Bill of Rights." *State v. Robbins*, 272 Kan. 158, 171, 32 P.3d 171 (2001).

There is impressive case precedent supporting Groves' claim of multiplicitous convictions. In *State v. Warren*, 252 Kan. 169, 843 P.2d 224 (1992), the Kansas Supreme Court analyzed Warren's convictions for aiding and abetting aggravated robbery and aiding and abetting aggravated battery after Warren suggested to two women that they should commit robbery in order to obtain drug money and for providing transportation to the women who knocked an elderly woman down and stole her purse. The court reversed the aiding and abetting aggravated battery conviction after it determined convictions for aggravated robbery and aggravated battery were multiplicitous when the same act of violence provided the basis for each conviction. 252 Kan. at 182.

*Warren* was followed by *State v. Vontress*, 266 Kan. 248, 970 P.2d 42 (1998), in which the Kansas Supreme Court again analyzed a multiplicity argument relating to convictions for aggravated robbery and aggravated battery. The court determined a single act of violence, the shooting of one of the victims, was used to prove both crimes and resulted in a multiplicitous conviction:

"The State fails to acknowledge that the sole allegation of bodily harm in its complaint and the judge's instructions to the jury was Spires' gunshot wounds. To prove the bodily harm element of aggravated robbery, the State was required to prove one fact: Vontress shot Spires—the same fact necessary for proof of the great bodily harm element of aggravated battery. Under the information and instructions in this case, the aggravated battery count required proof of the fact which was also required to prove the aggravated robbery charge. Therefore, the convictions are multiplicitous, and punishment for both crimes is a violation of double jeopardy. The aggravated battery conviction is reversed." 266 Kan. at 257.

This court is duty bound to follow Kansas Supreme Court precedent unless there is a clear indication that the court is departing from its previous holding. *Mueller v. State*, 28 Kan. App. 2d 760, 763, 24 P.3d 149, *rev. denied* 271 Kan. 1037 (2001), *cert. denied* 535 U.S. 997 (2002).

We acknowledge since *Warren* and *Vontress* were decided, K.S.A. 21-3107 has been amended to remove former K.S.A. 21-3107(2)(d). See L. 1998, ch. 185, § 1. The significance of that amendment was considered in *State v. Garcia*, 272 Kan. 140, 32 P.3d 188 (2001). In *Garcia*, the Supreme Court followed its decisions in *Warren* and *Vontress* when it held the appellant's conviction for aggravated kidnapping was multiplicitous with either the rape or aggravated criminal sodomy convictions because "the bodily harm needed to prove aggravated kidnapping was the same bodily harm supplied by one of the rape convictions or the aggravated criminal sodomy conviction." 272 Kan. at 147. Although the court followed *Warren* and *Vontress*, it pointed out a change in the multiplicity analysis as a result of the revision of K.S.A. 21-3107:

"It should be noted that in 1998, the Kansas Legislature amended K.S.A. 21-3107 to essentially remove the former K.S.A. 21-3107(2)(d). See L. 1998, ch. 185, § 1. In its place, the legislature inserted a new version, K.S.A. 2000 Supp. 21-3107(2)(b), which provides that an included crime is one where 'all of the elements of the lesser crime are identical to some of the elements of the crime charged.' This will necessarily change the multiplicity analysis for cases which occur under the new statute and signifies a return to the identity of the elements standard that this court used prior to the enactment of K.S.A. 21-3107. Such a change, while allowing convictions for crimes which would have been multiplicitous under the statute at issue here, does not violate constitutional prohibitions against double jeopardy as it does not subject defendants to punishments greater than those intended by the legislature. [Citation omitted.]" 272 Kan. at 147.

We do not believe the dicta in *Garcia* signifies a retreat by the Kansas Supreme Court from its holdings in *Warren* and *Vontress*. Both of those cases were analyzed under a single act of violence paradigm unaffected by a lesser included analysis under K.S.A. 21-3107, before or after the 1998 amendment. We conclude the dicta in *Garcia* is not persuasive authority the Supreme Court will retreat from its holdings in *Warren* and *Vontress*. Accordingly, we hold Groves' conviction for aggravated battery must be set aside and the charge dismissed.

Groves' final argument is that the district court erred in denying his motion to suppress the evidence obtained after his car was seized. His argument is not persuasive. The "[p]olice may legally impound a vehicle if authorized by statute or if there are reasonable grounds for impoundment." *State v. Canaan*, 265 Kan. 835, 843, 964 P.2d 681 (1998). Here, Groves' car was used as the getaway car for a purse snatching. His car had evidentiary significance regarding identification and a potential location for the purse taken from Terri Lott. Reasonable grounds for impoundment certainly encompass a car that has been used in the commission of a crime and may contain fruits or evidence of the crime. See *State v. Teeter*, 249 Kan. 548, 552, 819 P.2d 651 (1991).

Affirmed in part and reversed in part; the aggravated battery conviction is set aside.