(115 P.3d 787)

No. 92,397

STATE OF KANSAS, *Appellee*, v. JULIAN CASTILLO, *Appellant*.

Opinion filed July 22, 2005.

*Korey A. Kaul*, assistant appellate defender, for appellant.

*Vernon E. Buck*, assistant county attorney, *Marc Goodman*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before CAPLINGER, P.J., JOHNSON and HILL, JJ.

JOHNSON, J.: Julian Castillo appeals from his jury convictions for possession of marijuana with the intent to sell within 1,000 feet of a school, possession of drug paraphernalia, and possessing drugs without a drug tax stamp. Castillo presents three challenges: (1) the prior crimes evidence was not sufficiently similar to the current crime to be relevant on the issue of intent and did not apply to the issue of knowledge; (2) the prosecutor's comments in closing argument invoked invidious stereotypes which denied Castillo a fair trial; and (3) the possession of drug paraphernalia charge, based on the clear plastic bag which held the marijuana, was multiplicitous with the possession of marijuana charge. We reverse the possession of drug paraphernalia conviction and affirm the remaining convictions.

On April 9, 2003, an individual, who was later identified, contacted the police to say that she had recently left a residence where she had purchased marijuana from Julian Castillo. Police obtained and executed a search warrant at the residence described by the informant. The usual residents of the searched house were Castillo, his brother Ricardo, his sister-in-law Maria Suarez-Vega, and her three children. However, at the time of the search, Ricardo was in jail.

As part of the search, an officer asked Castillo for the key to open a padlock which secured an unattached garage. Castillo complied with the request by handing the officer a key chain full of keys and pointing out the padlock key. In a small refrigerator inside the garage, the officer discovered a brown shirt covering a clear plastic bag containing green vegetation, which was later identified as 130.15 grams of marijuana. Castillo said that he had never seen the vegetation before but believed that it belonged to his brother's friend. A jury convicted Castillo on all counts.

## K.S.A. 60-455 EVIDENCE OF PRIOR CRIMES

The district court permitted the State to introduce journal entries reflecting Castillo's two prior convictions for possession of cocaine with the intent to sell, deliver, or distribute the drug. The evidence was admitted pursuant to K.S.A. 60-455, which reads:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

To admit prior crimes evidence under K.S.A. 60-455, three requirements must be met: (1) the evidence must be relevant to prove one of the facts specified by statute; (2) the fact must be a disputed, material fact; and (3) the probative value of the evidence must outweigh its potential prejudice. If the three requirements are met, the standard for appellate review is whether the court abused its discretion. *State v. Boorigie*, 273 Kan. 18, 34, 41 P.3d 764 (2002).

The jury was instructed that the evidence tending to prove that Castillo committed other crimes was to be considered solely for the purpose of proving the defendant's intent or knowledge. Castillo first argues that, because the district court relied on the statutorily designated facts of knowledge and intent, we are restricted to those issues. He cites to *State v. Vinyard*, 32 Kan. App. 2d 39, 46, 78 P.3d 1196 (2003), *rev. denied* 277 Kan. 927 (2004), which cited to *State v. McCorgary*, 224 Kan. 677, 686, 585 P.2d 1024 (1978), for the proposition that an erroneous admission of evidence under one K.S.A. 60-455 exception is not rendered harmless merely because the evidence would have been admissible under another exception. However, *McCorgary* did not say that an appellate court cannot consider whether another 60-455 exception might apply, but rather the holding is that the applicability of another exception does not always render harmless the erroneous admission upon an inapplicable exception.

Castillo contends that here, knowledge was not in issue, but concedes that intent was an issue. We note that the concession that intent was a disputed material fact may not have been totally supported by precedent. See *State v. Capps*, 33 Kan. App. 2d 37, 41, 99 P.3d 138 (2004) (intent not a disputed material fact where defendant/passenger denied knowing that automobile contained con-

traband); *State v. Davidson*, 31 Kan. App. 2d 372, Syl. ¶ 4, 65 P.3d 1078 (2003) ("A defendant is required to have asserted an innocent explanation for charged conduct before intent will be considered a disputed material issue and K.S.A. 60-455 evidence admitted to demonstrate its existence.").

With respect to knowledge, Castillo acknowledges the existence of Kansas Supreme Court cases in which the court permitted the admittance of prior drug convictions where the defendant denied knowing about the drugs. See, *e.g.*, *State v. Tolson*, 274 Kan. 558, ·561-66, 56 P.3d 279 (2002) (prior drug acts admitted to prove knowledge, motive, and plan after the defendant was charged with felony murder committed while attempting to commit or in flight from the crime of sale of marijuana); *State v. Graham*, 244 Kan. 194, 196-98, 768 P.2d 259 (1989) (prior narcotic convictions were admitted to show knowledge, intent, and absence of mistake or accident after the defendant was charged with possession of marijuana, methamphetamine, and cocaine); *State v. Faulkner*, 220 Kan. 153, 155-58, 551 P.2d 1247 (1976) (court upheld the admittance of a prior conviction of possession of a controlled substance with the intent to sell to prove knowledge, intent, and absence of mistake when the current charge was for possession of a controlled substance). Castillo contends these cases misconstrue the nature of the knowledge exception.

Castillo makes an enticing argument. It is often difficult to shoehorn relevant prior crimes evidence into the definition of one of the specifically listed exceptions. One could argue that the overarching purpose of the evidence that Castillo committed the crime of cocaine possession with the intent to sell on specified prior occasions was to prove his disposition to deal drugs and thereby create the inference that it was he who possessed the marijuana with intent to sell it. Such character propensity reasoning is the very thing that is prohibited by K.S.A. 60-455. However, we are mindful of our duty to follow Supreme Court precedent. See *State v. Jackson*, 30 Kan. App. 2d 288, 299, 41 P.3d 871 (2002).

The State relies heavily on the fact that this case presented a situation in which Castillo was in nonexclusive possession of the premises upon which a controlled substance was found. We agree

that the evidence established that Castillo had a level of control over the premises where the drugs were found, albeit the control was not to the exclusion of others. Thus, the nonexclusive possession circumstance impacts on the relevancy of the prior crimes evidence. The district court gave the jury an instruction on the definition of possession of a controlled substance, which was taken directly from PIK Crim. 3d 67.13-D and which contained the following paragraph:

"When a defendant is in nonexclusive possession of the premises upon which a controlled substance is found, it cannot be inferred that the defendant knowingly possessed the controlled substance unless there are other circumstances linking the defendant to the controlled substance. Factors you may consider in determining whether the defendant knowingly possessed the controlled substance include:
1. Defendant's previous participation in the sale of a controlled substance;
2. Defendant's proximity to the area where the controlled substance was found; and,
3. Proximity of defendant's possessions to the controlled substance."

Therefore, Castillo's previous participation in the sale of a controlled substance was declared to be a factor for the jury to consider in determining whether Castillo possessed the marijuana. Regardless of which K.S.A. 60-455 exception we deem applicable, Castillo's prior convictions for possession of a controlled substance with intent to sell it are obviously relevant under the possession instruction. Castillo denied that he possessed the marijuana, making the issue a disputed material fact.

After conceding that intent was in issue, Castillo argued that evidence of convictions for possessing *cocaine* with intent to sell was too dissimilar to the charge of possessing *marijuana* with intent to sell and, therefore, did not satisfy the requirement that the prior crimes evidence be more probative than prejudicial. The suggestion is that evidence of defendant's having possessed one type of drug is not relevant to defendant having possessed another type of drug. We disagree. "Evidence is relevant if it has any tendency in reason to prove a material fact (K.S.A. 60-401[b]), or if it renders the desired inference more probable than it would be without the evidence. [Citation omitted.]" *Faulkner*, 220 Kan. at 155. The rel-

evancy connection is drawn from the fact that now, as well as previously, Castillo possessed drugs with the intent to sell them, *i.e.*, he is a recidivist drug dealer. The fact that Castillo has not restricted himself to dealing in one type of drug does not destroy the relevancy.

In short, the State met the requirements for admittance of the prior crimes evidence. The evidence was critical for the State to combat Castillo's theory of defense, *i.e.*, somebody else with access to the garage possessed the marijuana. We decline to find that the district court abused its discretion in admitting the journal entries of Castillo's prior convictions.

## *PROSECUTORIAL MISCONDUCT IN CLOSING ARGUMENT*

Castillo claims the prosecutor committed misconduct during his closing argument, when he argued:

"Take another hypothetical situation. You have two sons. One's 13 and one's five. You have kind of a small house so they have to share a room . . . . You clean the room and find a Playboy magazine sitting in a drawer. Now, who do you suspect is the proprietor or the owner of the Playboy magazine? Is it going to be your five-year-old or 13-year-old son, who is verging on adolescence? That's not very difficult to figure out, and we suggest to you the same thing is applicable in this case. Did Mrs. Vega, the mother of three who was the lessee of the house and knew nothing—said she knew nothing about that residence, was she the possessor of that marijuana or was the defendant?"

Castillo did not object to the comments, but our standard of review is the same, regardless of whether an objection was made at trial. Reversible error based on prosecutorial misconduct must show the alleged error denied the defendant his or her right to a fair trial under the Fourteenth Amendment. *State v. Davis*, 275 Kan. 107, 121-22, 61 P.3d 701 (2003). We use the now familiar two-step process of first considering whether the comments were outside the wide latitude for language and manner that a prosecutor is allowed when discussing the evidence; then, if so, we decide whether the prosecutor's remarks constitute plain error, *i.e.*, whether the statements are so gross and flagrant as to prejudice the jury against the defendant and deny the defendant a fair trial, requiring reversal. 275 Kan. at 121. Factors to consider under the

second step are whether the comments show ill will by the prosecutor, whether the evidence against the defendant was so overwhelming that the prosecutor's misconduct had little or no likelihood to have changed the result of the trial, and whether the trial court sanctioned the comment. *State v. Scott*, 271 Kan. 103, 115, 21 P.3d 516, *cert. denied* 534 U.S. 1047 (2001).

During closing arguments, a prosecutor should refrain from making statements that may inflame the passions and prejudices of the jury or divert the jury from deciding the case on the evidence. The prosecutor may not introduce or comment on facts outside of the evidence presented, but reasonable inferences may be drawn based on the evidence and considerable latitude is allowed in discussing it. *State v. Duke*, 256 Kan. 703, 719-20, 887 P.2d 110 (1994).

Evidence was presented to establish the facts argued by the prosecutor, *e.g.*, that Maria was the mother of three children and that she denied having any knowledge of the marijuana. Evidence was also presented that Castillo had previously been convicted of possessing cocaine with the intent to sell. Once the decision is made to permit the prior crimes evidence as a factor to be considered in determining a nonexclusive possession case, the State should be permitted to argue the reasonable inferences to be drawn from that evidence. The State did not exceed the bounds of fair argument.

*MULTIPLICITY*

The possession of drug paraphernalia charge was based upon the clear plastic bag which held the marijuana. Castillo argues that his convictions for possession of marijuana and possession of drug paraphernalia are multiplicitous, because the plastic "bag was an inherent part of the normal method of possession of marijuana." The question of whether convictions are multiplicitous is one of law and, therefore, is subject to unlimited review. *State v. Robbins*, 272 Kan. 158, 171, 32 P.3d 171 (2001).

" 'Multiplicity is the charging of a single offense in several counts of a complaint or information. The primary concern with multiplicity is that it creates the potential for multiple punishments for

a single offense.' " *State v. Schuette*, 273 Kan. 593, 600, 44 P.3d 459 (2002) (quoting *State v. Garcia*, 272 Kan. 140, 143, 32 P.3d 188 [2001]). The concept is founded on constitutional principles, specifically the "Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and section 10 of the Kansas Constitution Bill of Rights." *Robbins*, 272 Kan. at 171.

The State points to K.S.A. 2004 Supp. 21-3107(1), which specifically permits the charging of more than one crime in separate counts for the same conduct, unless one of the exceptions of K.S.A. 2004 Supp. 21-3107(2) applies. Those exceptions include the circumstance where one count is a lesser included offense of another count or where all of the elements of one crime are identical to some of the elements of another charged crime. Thus, although our Constitutions prohibit the splitting of a single offense into several counts, our statutes permit multiple counts if " 'a single transaction may constitute two separate and distinct offenses.' " *Robbins*, 272 Kan. at 171 (quoting *State v. Vontress*, 266 Kan. 248, 256, 970 P.2d 42 [1998]); see *State v. Mincey*, 265 Kan. 257, 263, 963 P.2d 403 (1998). Decisions making that distinction have not always left a clear road map for analyzing multiplicity. See *Garcia*, 272 Kan. at 142 (multiplicity "has been a highly confusing subject in Kansas law, and our prior cases have not always been clear").

Our courts have utilized an elements test. "The test to determine whether the charges in a complaint or information are multiplicitous is whether each offense requires proof of an element not necessary to prove the other offense. If so, the charges stemming from a single act are not multiplicitous. [Citation omitted.]" *State v. Stevens*, 278 Kan. 441, 447, 101 P.3d 1190 (2004); *cf. State v. Groves*, 278 Kan. 302, 95 P.3d 95 (2004) (applying single act of violence test, rather than elements test).

The jury was instructed that, to find Castillo guilty of the paraphernalia charge, the State had to prove: "That Mr. Castillo knowingly possessed with the intent to use drug paraphernalia, to-wit, a clear plastic bag, to pack, repack, sell, or distribute marijuana." It is not unlawful to possess a clear plastic bag; that possession becomes a crime only when coupled with an intent to use the bag to pack, repack, sell, or distribute marijuana. Here, the State's proof

of that intent was that the bag was actually being used to hold the marijuana which Castillo intended to sell.

Granted, our Supreme Court has opined that " '[m]ultiplicity does not depend upon whether the facts proved at trial are actually used to support conviction of both offenses charged; rather, it turns upon whether the elements of proof necessary to prove one crime are also necessary to prove the other. [Citations omitted.]' " 272 Kan. at 171 (quoting *Vontress*, 266 Kan. at 256). However, when the drug paraphernalia is rendered unlawful because of its intended use, that crime would logically merge into the primary offense when the paraphernalia is actually employed in its intended use. *Cf. Capps*, 33 Kan. App. 2d at 44-45 (suggesting it is impermissible to split manufacturing methamphetamine into necessary component parts of possessing ephedrine with intent to manufacture methamphetamine, etc.). For example, cigarette paper that is rolled around marijuana to form a joint no longer maintains its status as drug paraphernalia, but rather has become part of the marijuana being possessed. So, here, the clear plastic bag was no longer being possessed with intent to use it to pack marijuana in the future; it became an integral component of the offense of marijuana possession. Castillo possessed one bag of marijuana. Splitting that single offense into two counts was constitutionally impermissible. The possession of drug paraphernalia conviction is reversed.

Affirmed in part and reversed in part.