(162 P.3d 840)
No. 96,110

STATE OF KANSAS, *Appellee*, v. TYSEN HAMPTON, *Appellant*.

Opinion filed July 27, 2007.

*Virginia A. Girard,* of Kansas Appellate Defender Office, for appellant.

*Bethany C. Fields,* assistant county attorney, *Barry Wilkerson,* county attorney, and *Phill Kline,* attorney general, for appellee.

Before HILL, P.J., MCANANY, J., and BRAZIL, S.J.

MCANANY, J.: Tysen Hampton appeals his convictions of rape, aggravated kidnapping, and criminal threat. He claims the district court erred in admitting evidence of other bad acts, and his convictions for criminal threat and rape are multiplicitous.

Eighteen-year-old M.S.O. met Hampton on an online internet chat room site. She agreed to meet him in Manhattan. Since she was nervous about the meeting she asked two friends to follow her. M.S.O. met Hampton at the appointed time, and they decided to go to Bluemont Hill to sit and talk. They drove separately. Upon arrival M.S.O. got into Hampton's car. M.S.O.'s friends, who were supposed to follow her, got lost and failed to appear.

When the discussion between Hampton and M.S.O. turned to matters of sex, M.S.O. decided to leave. Hampton physically restrained her from leaving, locked the car door, and raped her. He quelled her resistance by referring to a bag on the floor of the car and warning that she would not like it if he reached for the bag. The clear intimation was that the bag contained some sort of weapon.

Following Hampton's attack on M.S.O., he permitted her to leave. She immediately called the police. A hospital examination of M.S.O. disclosed the presence of Hampton's seminal fluid.

Hampton was charged with rape, aggravated kidnapping, and criminal threat. His defense was that the sexual encounter with M.S.O. was consensual. Prior to trial, the State moved to admit testimony regarding other sexual assaults by Hampton. The parties

acknowledged that intent was a matter in controversy. Since a necessary element of aggravated kidnapping is the intent to terrorize or to inflict bodily injury, and since the issue of intent was a matter in controversy, the district court ruled that evidence of other sexual assaults was relevant to prove intent, and the probative value of this evidence outweighed its prejudicial effect.

At trial the State elicited the testimony of C.A.W. concerning an incident 2 weeks after Hampton's encounter with M.S.O. C.A.W. testified that while she was out for an early morning walk she was struck by a car driven by Hampton. Hampton got out of his car and forced her into his car where he sexually assaulted her. The jury was instructed that C.A.W.'s testimony was to be considered only with respect to the intent element of aggravated kidnapping. The jury was also instructed that a rape satisfies the element of bodily injury required for a conviction for aggravated kidnapping. Hampton was convicted of all three charges.

### K.S.A. 60-455 Evidence

Hampton argues the district court erred in admitting C.A.W.'s testimony to prove the element of intent in aggravated kidnapping. In considering this claim we first consider whether her testimony was relevant, *i.e.*, whether it tended to prove a disputed material fact. See K.S.A. 60-401(b). Once relevance is established, we apply the other rules governing admission and exclusion of evidence. We recognize that the admission of evidence lies within the sound discretion of the trial court. *State v. Holmes*, 278 Kan. 603, 623, 102 P.3d 406 (2004). However, when the challenge is to the legal basis for the evidentiary ruling, our review is de novo. *State v. Gunby*, 282 Kan. 39, 47-48, 144 P.3d 647 (2006).

Evidence of other crimes is not admissible to prove a defendant's criminal disposition. However, K.S.A. 60-455 authorizes the admission of such evidence to prove a disputed material fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, if admission does not violate K.S.A. 60-445. *State v. Kackley*, 32 Kan. App. 2d 927, 92 P.3d 1128 (2004).

The crime of kidnapping includes the taking or confining of a person by means of force or threat for the purpose of terrorizing or inflicting bodily injury upon the victim. See K.S.A. 21-3420. The crime becomes aggravated kidnapping when bodily injury is actually inflicted upon the victim. See K.S.A. 21-3421. Rape satisfies the bodily injury requirement for aggravated kidnapping.

In *State v. Kackley*, 32 Kan. App. 2d at 930, the court determined that when the defendant's conduct leaves no room for an innocent explanation, such as Kackley placing the victim's hand on his exposed penis, the introduction of evidence of other crimes can have no probative value. In such a situation, criminal intent is obvious from the mere doing of the act. Hampton argues that his conduct toward M.S.O. falls into this category.

We are not persuaded by this belated characterization by Hampton of his conduct. It stands in marked contrast to the position he took at trial. In his opening statement, Hampton's counsel characterized the case as follows: "This is a case about regret. . . . There is some small talk and one thing lead [*sic*] to another and they have sex. And afterward, Miss M.S.O. regret [*sic*] that and that's what brought us here today. . . . [T]his is not a rape." In closing, Hampton's counsel asked the jury: "[I]f it wasn't consensual, why there was [*sic*] no bruises on [M.S.O.'s] person. . . . [W]hy was she able to leave? It will all lead to consensual sex." Hampton offered the jury an innocent explanation of his conduct. M.S.O. got into Hampton's car voluntarily. She was not restrained against her will. She was not kept in the car so Hampton could rape her. She simply remained in the car so they could engage in consensual sex. Thus, whether Hampton restrained M.S.O. in his automobile with the intent to inflict personal injuries upon her in the form of rape was a disputed issue of material fact. The testimony of C.A.W. was relevant to prove Hampton's intent. Further, the determination whether the probative value of C.A.W.'s testimony was substantially outweighed by its probable prejudicial effect is for the district court to decide in the exercise of its discretion. K.S.A. 60-445. The district court did not abuse its discretion in admitting C.A.W.'s testimony.

*Multiplicity*

Hampton claims his convictions for criminal threat and rape are multiplicitous. While Hampton did not raise this argument before the district court, we have considered multiplicity arguments for the first time on appeal in order to serve the ends of justice and prevent a denial of the fundamental right to a fair trial. See *State v. Groves*, 278 Kan. 302, 303-04, 95 P.3d 95 (2004), *overruled on other grounds by State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006). We will consider Hampton's claim on this basis.

Under the analysis required by *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006), we first determine whether the charges arose out of the same conduct. Hampton's conduct satisfies this first test since the acts that constitute criminal threat and rape occurred at the same place and at essentially the same time, there is a causal relationship between the acts, and the rape was not motivated by a fresh impulse separate and apart from the motivation for the criminal threat. We then turn to the second test, whether each crime requires proof of an element not necessary to prove the other crime. If so, the charges stemming from a single act are not multiplicitous. 281 Kan. 453, Syl. ¶ 12.

Hampton argues that since criminal threat requires proof of "intent to terrorize another," the definition of terrorize necessarily requires that the victim be placed in fear through verbal coercion. He concludes that since the State alleged he made verbal threats to M.S.O. in order to terrorize her and thereby coerce her into not resisting his sexual advances, the charges are multiplicitous because the "force or fear" element of rape is identical to the "intent to terrorize" element of criminal threat.

A similar argument was raised in *State v. Potts*, 281 Kan. 863, 871, 135 P.3d 1054 (2006). In *Potts* the court noted that the test for multiplicity requires a comparison of the strict elements of the offenses *without* considering the facts that must be proven to establish those elements. Rape does not require a communicated threat to commit violence, an element of criminal threat; and criminal threat does not require proof of sexual intercourse. Thus, the court concluded, convictions for rape and criminal threat are not

multiplicitous. We are bound by the court's holding in *Potts*. Hampton's multiplicity argument, therefore, fails.

Affirmed.