NOT DESIGNATED FOR PUBLICATION

No. 117,919

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KARL E. FERRELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed July 27, 2018. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

POWELL, J.:  Karl E. Ferrell appeals the district court's denial of his motion for a new trial, arguing that his 2002 convictions for attempted rape and aggravated battery were multiplicitous. Assuming without deciding that Ferrell's claim is properly before us, we disagree and affirm the district court.

1

In 2002, Ferrell was convicted at a bench trial of one felony count each of attempted rape, aggravated burglary, aggravated battery, and an aggravated weapons violation. At sentencing on July 30, 2002, the district court denied Ferrell's motion for a downward dispositional and/or durational departure and sentenced Ferrell to a controlling sentence of 268 months' imprisonment. Ferrell appealed, and this court affirmed Ferrell's convictions and sentences on October 31, 2003. *State v. Ferrell*, No. 89,394, 2003 WL 22479537 (Kan. App. 2003) (unpublished opinion).

On June 23, 2015, Ferrell filed a pro se motion to correct an illegal sentence. In this motion, he asserted that under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*), his prior 1991 Kansas burglary conviction was wrongly classified as a person felony, thereby improperly increasing his criminal history score. After a hearing, the district court denied the motion, holding that *Dickey I* was not retroactively applicable.

Ferrell again appealed to this court. By an order dated February 9, 2017, we reversed the district court, holding that *Dickey I* and *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*)—which found that Kansas burglary convictions prior to 1993 had to be classified as nonperson felonies for criminal history purposes—applied retroactively. Ferrell's sentence was vacated, and the case was remanded for recalculation of his criminal history score.

Prior to resentencing on remand, Ferrell's counsel filed a motion for a new trial, asserting Ferrell's trial counsel was ineffective for failing to argue that Ferrell's convictions for attempted rape and aggravated battery were multiplicitous because the underlying acts supporting the two charges occurred simultaneously. Ferrell argued that because the charges were multiplicitous, trial counsel's performance was deficient in not raising this argument and resulted in a violation of Ferrell's constitutional rights under the

Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and §
10 of the Kansas Constitution Bill of Rights.

At the resentencing hearing on May 17, 2017, the district court denied Ferrell's
motion for a new trial for multiple reasons, both procedural and substantive.
Procedurally, the district court held it could not address the motion because (1) under the
mandate rule, it was bound by the Court of Appeals' mandate and could only resentence
Ferrell after recalculating his criminal history score; (2) the motion for a new trial was
time barred; and (3) even if construed as a motion for ineffective assistance of counsel
pursuant to K.S.A. 2017 Supp. 60-1507, the statute required that the movant be under a
sentence; because Ferrell's sentence had been vacated by the Court of Appeals, no
sentence was in place.

The procedural bars notwithstanding, the district court also held that the motion
was meritless. Applying *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006), the
district court held that courts are to apply an elements test in determining if crimes are
multiplicitous. If the charges have different elements, then they are not multiplicitous.
The district court found that Ferrell's convictions for attempted rape and aggravated
battery had different elements, meaning they were not multiplicitous, and denied the
motion. The district court then reclassified Ferrell's criminal history score from C to E
and resentenced Ferrell to a reduced sentence of 238 months' imprisonment.

Ferrell timely appeals.

I.      DID THE DISTRICT COURT ERR IN DENYING FERRELL'S MOTION FOR A NEW
TRIAL?

On appeal, Ferrell argues the district court erred in denying his motion for a new
trial. First, Ferrell asserts there is an exception to the mandate rule that allowed the

district court to address his motion for a new trial at resentencing. Second, Ferrell contends that if his motion were construed as a motion filed under K.S.A. 2017 Supp. 60-1507, then the motion was timely filed—even though it was filed outside the one-year time limitation—because manifest injustice would be prevented. Third, Ferrell argues that judicial economy warrants review of the motion even though he was not under a sentence as required by K.S.A. 2017 Supp. 60-1507(a). Fourth, Ferrell claims his convictions for attempted rape and aggravated battery are multiplicitous.

In the interest of judicial economy, we decline to address point by point the validity of the procedural bars to Ferrell's claim as found by the district court. Although we are inclined to agree with the district court's thorough procedural analysis, we need not address them because, as we explain below, Ferrell's convictions for attempted rape and aggravated battery are not multiplicitous. So, for the purpose of our analysis, we merely assume that the merits of Ferrell's claim are properly before us.

Ferrell argues that his attempted rape and aggravated battery convictions are multiplicitous resulting in a violation of his constitutional rights under the Double Jeopardy Clause under the Fifth Amendment and § 10 of the Kansas Constitution Bill of Rights. "The issue of whether there is a double jeopardy violation under either the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution or § 10 of the Kansas Constitution Bill of Rights is a question of law subject to unlimited review." *Schoonover*, 281 Kan. 453, Syl. ¶ 1.

In *Schoonover*, 281 Kan. at 495, the Kansas Supreme Court held:

"[T]he test to determine whether charges in a complaint or information under different statutes are multiplicitous is whether each offense requires proof of an element not necessary to prove the other offense; if so, the charges stemming from a single act are not multiplicitous. We further hold that this same-elements test will determine whether there

4

is a violation of § 10 of the Kansas Constitution Bill of Rights when a defendant is charged with violations of multiple statutes arising from the same course of conduct.

"Because the single act of violence/merger analysis has resulted in outcomes which cannot be reconciled with cases applying the same-elements test, lack of predictability as to outcome, disparate analysis, broader protection than required by the Fifth Amendment [to] the United States Constitution and § 10 of the Kansas Constitution Bill of Rights and contravention of K.S.A. 2005 Supp. 21-3107, the single act of violence/merger analysis will no longer be applied to analyze double jeopardy or multiplicity issues.

"We disapprove any language in previous cases which utilized a single act of violence/merger rationale as the basis for holding that two convictions which were based upon different statutes were multiplicitous or resulted in a violation of the Double Jeopardy Clause of the Fifth Amendment or § 10 of the Kansas Constitution Bill of Rights."

Applying this test to the case at hand, we determine that each offense requires proof of an element not necessary to prove the other offense. In order to prove the crime of attempted rape, the State was required to prove that Ferrell used force or fear in an attempt to have sexual intercourse. See K.S.A. 21-3502(a)(1)(A); K.S.A. 21-3301(a). Aggravated battery required the State to prove that Ferrell intentionally caused great bodily harm or disfigurement. See K.S.A. 21-3414(a)(1)(A). Additionally, neither crime is a lesser included offense of the other. Accordingly, Ferrell's convictions are not multiplications. See *State v. Esquiver*, No. 91,278, 2005 WL 823890, at *5 (Kan. App. 2005) (unpublished opinion) (holding attempted rape and aggravated battery are not multiplicitous).

Interestingly, Ferrell concedes that under *Schoonover* his convictions are not multiplicitous. Rather, Ferrell argues that *Schoonover* is not applicable to his case as it was not decided until 2006, well after his trial, and has no retroactive effect. He argues

5

instead that *State v. Neal*, 34 Kan. App. 2d 485, 120 P.3d 366 (2005), *rev. denied* 280 Kan. 989 (2006), applies. But, *Neal* was not yet decided at the time of Ferrell's trial either; however, he argues that the rationale in *Neal* was not new and that "'Kansas has recognized some form of the "single act of violence" paradigm for years.'" 34 Kan. App. 2d at 490 (quoting *State v. Groves*, 278 Kan. 302, 307, 95 P.3d 95 [2004]).

In *Neal*, this court addressed whether Neal's convictions for aggravated battery and rape were "multiplicitous because the force that formed the basis of his aggravated battery conviction was the same force the State used to support his rape conviction." 34 Kan. App. 2d at 487. The panel held that Neal's convictions for aggravated battery and rape were multiplicitous, noting "there was only one victim and two technical acts of violence—rape and battery—occurring at approximately the same time and place." 34 Kan. App. 2d at 490-91.

However, the *Schoonover* court rejected *Groves*, the case upon which the *Neal* panel relied in utilizing the single act of violence test, stating:

> "We disapprove any language in previous cases which utilized a single act of violence/merger rationale as the basis for holding that two convictions which were based upon different statutes were multiplicitous or resulted in a violation of the Double Jeopardy Clause of the Fifth Amendment or § 10 of the Kansas Constitution Bill of Rights." *Schoonover*, 281 Kan. at 495.

Further undermining Ferrell's argument that *Schoonover* has no retroactive effect is the fact that our Supreme Court has applied *Schoonover* in at least three cases where the crimes occurred in 2002—the same year Ferrell committed his crimes. See, *e.g.*, *State v. Appleby*, 289 Kan. 1017, 1027-28, 221 P.3d 525 (2009); *State v. Harris*, 284 Kan. 560, 569-71, 162 P.3d 28 (2007); *State v. Pham*, 281 Kan. 1227, 1246-47, 136 P.3d 919 (2006). See also *State v. Unruh*, 281 Kan. 520, 533-34, 133 P.3d 35 (2006) (applying *Schoonover* to convictions stemming from crimes committed in 2001).

Thus, even if we assume that Ferrell's claim is properly before us and not otherwise procedurally barred, the gravamen of Ferrell's complaint lacks merit as *Schoonover* applies and Ferrell's crimes are not multiplicitous. The district court did not err in denying Ferrell's motion for a new trial.

Affirmed.